IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD BIBO,**

      **Plaintiff,**

vs.                                                     No. CV 06cv0040 BB/LCS

**MICHAEL J. ASTRUE,**
**Commissioner of the Social**
**Security Administration,**

      **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      **THIS MATTER** comes before the Court on Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1).  (Doc. 16.)  Plaintiff's counsel requests attorney fees in the amount of $10,777.95 for 17.83 hours of work associated with the federal litigation of Plaintiff's Social Security disability claim.  (*Id.* at 3, 7.)  Plaintiff's counsel previously received $1,664.35 from the United States for legal services in this Court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  (Doc. 15.)

      On February 28, 2006, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1).  The United States Magistrate Judge, having considered the motions and memoranda, record, relevant law, and being otherwise fully advised, recommends that Plaintiff's motion be **GRANTED**.  If this recommendation is adopted, Plaintiff's counsel must refund the $1,664.35 received under EAJA pursuant to the Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186.

**PROPOSED FINDINGS**

1.　　Plaintiff filed this action on January 17, 2006 after receiving a final decision from the Social Security Administration ("SSA") denying his claim for disability benefits.  (*See* Doc. 1.)  On March 15, 2006, Defendant moved this Court to remand Plaintiff's case "for further administrative proceedings pursuant to sentence six of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g) . . . ."  (Doc. 7 at 1 (citing *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).)  Plaintiff received a favorable decision from the Commissioner of the SSA on July 28, 2006.  (*See* Docs. 16, Ex. A; 18 at 7.)  The Commissioner issued the Notice of Award on November 12, 2006.  (Doc. 18 at 7.)

2.　　Plaintiff's counsel requests § 406(b) fees in the amount of $10,777.95.  (Doc. 17 at 7.)  This amount represents 15% of Mr. Bibo's back benefits award.[1]  (*Id.* at 5.)  Defendant filed a brief in response to Plaintiff's motion and "decline[d] to assert a position on the reasonableness of Plaintiff's request . . . ."  (Doc. 18 at 1.)  Instead, Defendant reminded the Court that the Court is "to act as an 'independent check' on § 406(b) requests to assure that they satisfy the statutory requirement of yielding a 'reasonable' result in particular cases."  (*Id.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).)

**DISCUSSION**

3.　　Section 406(b)(1)(A) permits the Court, as part of its judgment, to allow a reasonable fee to the Plaintiff's counsel, not to exceed 25% of the past-due benefits awarded.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002); *see also Frazier v. Apfel*, 240 F.3d 1284, 1286

---

[1] Plaintiff's counsel did not request nor receive $5,300 in administrative fees pursuant to § 406(a).

(10th Cir. 2001). This Court may reduce such attorney fees where the attorney is responsible for delay, where the representation is substandard, or where "the benefits are large in comparison to the amount of time counsel spent on the case . . . ." *Id.* at 808 (citation omitted). A court may require an attorney to submit a record of hours spent on a Social Security case as well as a statement of the attorney's normal hourly billing charge to assist the court in assessing the reasonableness of the attorney's fee. *Id.* (citation omitted). Defendant does not contend, nor do I see any evidence, that Mr. Bibo's case was delayed, that his attorney's representation was substandard, or that the requested fee outweighs the time counsel spent on this case. (*See* Doc. 18.)

    4.       Plaintiff's counsel has the burden of demonstrating that it is reasonable to seek $10,777.95 in return for the services rendered to Mr. Bibo. *Gisbrecht*, 535 U.S. at 807. Counsel supports its position by noting several factors, including the time, labor, and skill required, the contingency fee negotiated, the amount involved and results obtained, the experience, reputation, and ability of the attorney, and the amount of awards in similar cases. (Doc. 17 at 3-7.) Counsel explains that the sum of $10,777.95 for 17.83 hours of work, which translates to $604.48 per hour, is reasonable because of the skill of the attorney who expended fewer hours than a less-experienced lawyer would have, the additional development necessary due to the unique technical requirements of Mr. Bibo's case at the Appeals Council level, the fact that counsel has not elected to charge Mr. Bibo the $5,300 administrative fee, the successful resolution of this case on remand, and the fact that the amount requested is only 15% of Mr. Bibo's back benefits, which is less than the 25% cap authorized by statute. (*Id.*) I agree with counsel's arguments. Mr. Bibo's contingency fee contract with his attorney does seem reasonable in light of Mr. Armstrong's skill,

the quality of his representation, and the ultimate success of the case.  (*See id.* at 5.)

     5.     Mr. Bibo's $71,853.00 recovery in back benefits caps his attorney's potential fee award under § 406 at $17,963.25 for representation before both the Social Security Administration and this Court.  (*See* Doc. 17 at 5.)  Mr. Bibo's counsel has asked for almost $7,185.30 less than the maximum award.  I recommend granting the request.  While $604.48 per hour is high fee, the hourly rate is within the range of fees awarded by this Court in the past.[2]  *See, e.g.*, *Montes v. Barnhart*, No. 01-CV-578 (D.N.M. Dec. 3, 2004) (fees awarded pursuant to § 406(b) translated to $701.75 per hour); *see also Faircloth v. Barnhart*, No. 03-CV-597 (D.N.M. Sept. 27, 2005) (for a compilation of data on fees awarded in the District of New Mexico under § 406(b)).

## PROPOSED DISPOSITION

I recommend that Plaintiff's motion for an attorney fees under § 406(b) be granted. (Doc.16.)  If this recommendation is adopted, Plaintiff's counsel must refund the $1,664.35 received under EAJA pursuant to the Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186.  *See Gisbrecht*, 535 U.S. at 796.

Objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and

---

[2] Further, a high hourly fee is more palatable when one considers that the attorneys who represent Social Security claimants entail a high risk of loss.  These contingent fee cases "do not pay well; in fact, they often do not pay at all, and even when they do, the payment is often delayed for months and even years."  *Faircloth v. Barnhart*, No. 03-CV-597 (D.N.M. Sept. 27, 2005) (quotation marks and citation omitted).

recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
 **LESLIE C. SMITH**
 **UNITED STATES MAGISTRATE JUDGE**